## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

|  |  |  |
|---|---|---|
| **MARY KNEECE LANE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.:** |
| | ) | |
| | ) | |
| **HCA HEALTHCARE OF** | ) | |
| **OF GEORGIA, INC., and** | ) | |
| **SMHA HEALTHCARE, INC.** | ) | |
| **f/k/a MEMORIAL HEALTH** | ) | |
| **UNIVERSITY MEDICAL** | ) | |
| **CENTER, INC.,** | ) | |
| | ) | **JURY TRIAL REQUESTED** |
| **Defendants.** | ) | |

_____

## COMPLAINT

COMES NOW, Mary Kneece Lane ("Ms. Lane") by and through her counsel of record and files this Complaint against HCA Healthcare of Georgia, Inc. and SMHA Healthcare, Inc. f/k/a Memorial Health University Medical Center (hereinafter referenced by their individual names or collectively as "Defendant" or "Memorial"), and shows the Court as follows:

## INTRODUCTION

Plaintiff Mary Kneece Lane ("Ms. Lane") brings this action under the Americans with Disabilities Act Amendments Act of 2008, 42 U.S.C. §12101, *et seq*. ("ADAAA") against her former employer, Defendant Memorial Health University Medical Center.[1]  As described in more detail below, Ms. Lane returned to employment from shoulder surgery in August 2018 with no use whatsoever of her right arm.  Upon return, Memorial permitted her return to work without hesitation.  During post-operative care on August 8, 2018, physical therapists employed by Memorial fractured Ms. Lane's glenoid bone in her right shoulder, requiring additional surgery on September 11, 2018.  Memorial granted Ms. Lane a leave of absence through February 4, 2019.  Upon her return, she was again released by Memorial to work with limited restrictions.  Immediately after approval of her return to work, however, the Vice President of Surgical Services informed Ms. Lane that her employment was terminated.

## JURISDICTION AND VENUE

1.

The jurisdiction of the Court is conferred pursuant to 28 U.S.C. § 1331 (federal question), and 28 U.S.C. § 1343(a)(3), (a)(4) (civil rights).

---

[1] Plaintiff has named two corporations as defendants.  As explained below, the employer defended Ms. Lane's Charge of Discrimination filed with the U.S. Equal Employment Opportunity Commission (EEOC) in the name of Memorial Health University Medical Center.  It may be necessary to identify the proper party defendant during discovery.

2.

Venue is proper in this Court under 28 U.S.C. § 1391 because it is a district wherein Defendant resides or does business and where a substantial part of the events or omissions giving rise to Ms. Lane's claims occurred.  Venue is further proper under 42 U.S.C. § 2000e-5(f)(3) because it is the district in which the unlawful employment practices were committed.

## PARTIES

3.

Plaintiff Mary Kneece Lane is a citizen and resident of the United States, who resides in South Carolina.  Ms. Lane was employed by Defendant Memorial as Director of Central Sterile until unlawful termination of her employment on February 4, 2019.

4.

Defendant HCA Health Services of Georgia, Inc. is a Georgia corporation doing business in Savannah, Chatham County, Georgia in the Savannah Division of the U.S. District Court for the Southern District of Georgia.  HCA Health Services of Georgia, Inc. can be served with process by serving The Corporation Company (FL), 106 Colony Park Drive, Ste. 800-B, Cumming, Georgia 30040-2794.

5.

SMHA Healthcare Center, Inc., f/k/a Memorial Health University Medical Center, Inc. (SMHA Healthcare) is a Georgia corporation that does business in Savannah, Chatham County, Georgia in the Savannah Division of the U.S. District Court for the Southern District of Georgia. Memorial Health University Medical Center, Inc. is or was a Georgia corporation in whose name Ms. Lane's employer defended her Charge of Discrimination filed with the U.S. Equal Employment Opportunity Commission (EEOC). Defendant SMHA Healthcare, Inc. can be served with process by serving National Registered Agents, Inc., 289 S. Culver Street, Lawrenceville, Georgia 30046-4805.

6.

Defendant Memorial is a hospital and medical care provider and was an employer of Ms. Lane at all times relevant to this action.

7.

Defendant Memorial is, and was at all times relevant to this action, an "employer" engaged in an industry affecting commerce within the meaning of 42 U.S.C. § 12111(5) and has employed over five hundred (500) persons for the requisite duration as provided in 42 U.S.C. § 1981a(b)(3).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

8.

Ms. Lane timely filed U.S. Equal Employment Opportunity Commission (EEOC) Charge No. 415-2019-00647 on June 13, 2019 and received a notice of right to sue dated January 11, 2021. See attached Exhibits A and B, respectively. Ms. Lane files this action within ninety (90) days of her receipt of the notice of right to sue.

9.

All conditions precedent to jurisdiction under the ADAAA have occurred, including Ms. Lane's exhaustion of all applicable administrative remedies, including specifically her timely filing of a Charge of Discrimination with the EEOC, and her timely filing of this action.

## FACTUAL BACKGROUND

10.

Mary Kneece Lane was hired by Defendant Memorial as a contractor working on the premises of the hospital in October 2017 and began work as a full-time employee in June 2018 as Director of Central Sterile. Ms. Lane was responsible for supervising staff within the sterile processing department which cleans, sterilizes and maintains surgical instruments, equipment and trays, and ensured compliance with regulatory agencies. She was a leader in her field, serving on many national

standards committees with the Association for the Advancement of Medical Instrumentation (AAMI), the 3M Advisory Board of North America and as a Subject Matter Expert.

11.

For the time period of July 23, 2018 through August 5, 2018, Memorial granted Ms. Lane a leave of absence for shoulder surgery on July 24, 2018. The surgery was successful and thereafter Ms. Lane began prescribed physical therapy to facilitate the return to full use of her shoulder. She returned to work at Memorial on August 6, 2018 having no use whatsoever of her right arm. Upon return, Memorial, through its Employee Health Department and her supervisor, permitted her return to work with knowledge of her medical condition.

12.

On August 8, 2018, physical therapists employed by Memorial broke Ms. Lane's glenoid. Ms. Lane continued to work until additional surgery required to treat the broken glenoid. For this short, uneventful period of time, from August 8, 2018 through September 7, 2018, Ms. Lane had no use of her right arm. With incidental assistance from other employees, however, Ms. Lane performed all essential functions of her job.

13.

Defendant Memorial granted Ms. Lane a leave of absence for surgery beginning after the September 7, 2018 work day, with specific exception given by her supervisor to work from home on September 10, 2018.

14.

The leave of absence granted by Defendant Memorial extended from September 7, 2018 (with the specific exception as noted) through February 4, 2019.

15.

Upon her return to work on February 4, 2019, she was again released by the same Employee Health Department to work with limited restrictions. Immediately after approval of her return to work, however, the Vice President of Surgical Services informed Ms. Lane that her employment was terminated.

16.

After terminating her employment, and with knowledge that its conduct violated the ADAAA and with further knowledge that its prior representations of accommodation to Ms. Lane were false, Memorial began to position itself for denial of facts underlying ADAAA liability, including without limitation, falsely claiming that Ms. Lane resigned from employment, falsely claiming that Ms. Lane failed to apprise Memorial of her medical condition, falsely claiming that it attempted to contact Ms. Lane when in fact it did not, falsely claiming that Ms. Lane failed to

follow-up on inquiries from Memorial during her absence, and falsely claiming that Ms. Lane refused consideration of further work after termination of her employment when in fact she enthusiastically accepted the prospect of further work with Memorial.

## COUNT I

### DISCRIMINATION BASED ON FAILURE TO REASONABLY ACCOMMODATE MS. LANE'S DISABILITY

17.

Ms. Lane incorporates by reference all of the paragraphs hereinabove and below.

18.

During her tenure of employment with Memorial, Ms. Lane was granted accommodations that allowed leaves of absence and flexible working conditions related to surgery on her right shoulder.

19.

After her leave of absence from July 23, 2018 through August 5, 2018, when Ms. Lane returned to work on August 6, 2018, she had no use of her right arm. Nevertheless, Memorial duly authorized her return to work.   For approximately one month after her return to work with no use of her right arm, Ms. Lane performed the essential functions of her position as Director of Central Sterile.

20.

During her tenure of employment with Memorial, Ms. Lane was granted an accommodation allowing absence from work for further surgery on the same shoulder beginning after work on September 7, 2018 with the exception of working from home on September 10, 2018.

21.

After her leave of absence, when Ms. Lane returned to work from her second surgery on February 4, 2019, she could use her right arm with limitations. Nevertheless, Memorial duly authorized her return to work with limitations.

22.

On the same day that she was authorized by Memorial to return to work with limitations after her second surgery, the Vice President of Surgical Services informed Ms. Lane that her employment was terminated.

23.

At all times relevant to this action, Ms. Lane was a qualified individual with a disability within the meaning of the ADAAA.  42 U.S.C. §§ 12111(8), 12102(1).

24.

At all times relevant to this action, Ms. Lane had a physical impairment that substantially limited one or more of her major life activities, including but not

limited to performing certain manual tasks, reaching, lifting, and working.  42 U.S.C. § 12102(2)(A), 29 C.F.R. § 1630.2(i), (j).

25.

At all times relevant to this action, Ms. Lane's physical impairment as described herein was known to Defendant Memorial.

26.

Despite her physical impairment, on February 4, 2019 and at all times subsequent thereto, Ms. Lane was able to perform all essential functions of her position as Director of Central Sterile at Memorial with or without a reasonable accommodation.  42 U.S.C. § 12111(8).

27.

Just as Memorial has accommodated Ms. Lane's absence from her position as Director of Central Sterile in late July and early August 2018, Memorial could have reasonably accommodated Ms. Lane's absence from work from late 2018 through early 2019 – and, indeed, made the commitment to do so.

28.

Just as Memorial accommodated Ms. Lane's return to, and performance of, work as Director of Central Sterile on August 6, 2018 with no use of her right arm, Memorial could have reasonably accommodated Ms. Lane's return to, and

performance of, her work as Director of Central Sterile in February 2019 with limited use of her right arm.

29.

Defendant Memorial discriminated against Ms. Lane in violation of the ADAAA on the basis of her disability when it denied her the proven reasonable accommodations associated with allowing her return to work in February 2019, including her leave of absence and flexible working conditions.   42 U.S.C. § 12112(a), (b)(5)(A).

30.

As proven by Defendant's accommodations and Ms. Lane's successful return to work in August 2018, Defendant had no significant difficulty or expense in providing Ms. Lane either the leave of absence to which it committed or the lesser accommodation for her return to work in February 2019.  42 U.S.C. § 12111 (10).

31.

Defendant violated the ADAAA intentionally, and with malice and reckless indifference to Ms. Lane's federally protected rights.   42 U.S.C. § 12112 (a), (b)(5)(A), 42 U.S.C. §§ 1981a(2), 1981a(b).

32.

As a direct and proximate result of Defendant Memorial's failure to accommodate her disability, Ms. Lane suffered damages, including without

limitation lost income and other job-related benefits, physical and emotional distress, mental anguish, inconvenience, loss of enjoyment of life, and other non-pecuniary losses all in an amount to be established at trial.  42 U.S.C. § 12117(a), 42 U.S.C. §§ 1981(a)(2), 1981a(b).

33.

Moreover, Ms. Lane is entitled to reinstatement to employment by Defendant Memorial and, if reinstatement is not feasible under the circumstances, she is entitled to an award of damages for future lost income and benefits of employment.  42 U.S.C. § 12117(a).

## COUNT II

### DISCRIMINATION BECAUSE MEMORIAL
### REGARDED MS. LANE AS HAVING A DISABILITY

34.

Ms. Lane incorporates by reference all of the paragraphs herein above and below.

35.

Defendant's discharge of Plaintiff violated the ADAAA which prohibits discrimination against qualified individuals because of an actual or perceived physical impairment.  42 U.S.C. § 12112(a), 12102 (1)(C), 12102 (3).

36.

At the time Ms. Lane's employment was terminated, the Vice President of Surgical Services and other managers employed by Memorial knew of Ms. Lane's physical impairment.

37.

Defendant intentionally, and with reckless indifference to Ms. Lane's rights, violated the ADAAA by terminating her employment because of Ms. Lane's actual or perceived physical impairment, despite the clear prohibition of taking adverse action against otherwise qualified individuals on that basis, as set forth in the ADAAA. 42 U.S.C. § 12112(a), 12102 (1)(C), 12102 (3), 29 C.F.R. § 1630.2 (g), (l).

38.

As a direct and proximate result of Defendant's intentional discrimination, Ms. Lane suffered damages, including without limitation lost income and other job-related benefits, physical and emotional distress, mental anguish, inconvenience, loss of enjoyment of life, and other non-pecuniary losses all in an amount to be established at trial.  42 U.S.C. § 12117(a), 42 U.S.C. §§ 1981a(2), 1981a(b).

39.

Moreover, Ms. Lane is entitled to reinstatement to employment by Defendant and, if reinstatement is not feasible under the circumstances, she is entitled to an

award of damages for future lost wages and benefits of employment.  42 U.S.C. §
12117(a).

## COUNT III

### DISCRIMINATION ON THE BASIS OF DISABILITY

40.

Ms. Lane incorporates by reference all of the paragraphs herein above and
below.

41.

At all times relevant to this action, Ms. Lane had a disability within the
meaning of the ADAAA.

42.

At all times relevant to this action, Ms. Lane had a physical impairment that
substantially limited one or more of her major life activities, including but not
limited to performing certain manual tasks, reaching, lifting, and working.  42 U.S.C.
§ 12102(2)(A), 29 C.F.R. § 1630.2(i).

43.

At all times relevant to this action, Ms. Lane's physical impairment was
known to Defendant Memorial.

44.

Despite her physical impairment, Ms. Lane was able to perform all of the essential functions of her position as Director of Central Sterile at Memorial with or without a reasonable accommodation.

45.

Defendant discriminated against Ms. Lane in violation of the ADAA when it limited, segregated, and classified Ms. Lane in a way that caused or otherwise contributed to termination of her employment because of her disability.  42 U.S.C. § 12112 (b)(1).

46.

Defendant discriminated against Ms. Lane in violation of the ADAA when it utilized standards, criteria or methods of administration that caused or otherwise contributed to the termination of Ms. Lane's employment because of her disability. 42 U.S.C. § 12112 (b)(3).

47.

Defendant discriminated against Ms. Lane in violation of the ADAA when it terminated Ms. Lane's employment of the basis her disability.  42 U.S.C. §§ 12112 (a), 12102 (1)(A).

48.

Defendant intentionally, and with reckless indifference to Ms. Lane's rights,

violated the ADAAA by terminating her employment because of Ms. Lane's actual or perceived physical impairment, despite the clear prohibition of taking adverse action against otherwise qualified individuals on that basis, as set forth in the ADAAA. 42 U.S.C. § 12112(a), 12102 (1)(A).

49.

As a direct and proximate result of Defendant's intentional discrimination, Ms. Lane suffered damages, including without limitation lost income and other job-related benefits, physical and emotional distress, mental anguish, inconvenience, loss of enjoyment of life, and other non-pecuniary losses all in an amount to be established at trial.  42 U.S.C. § 12117(a), 42 U.S.C. §§ 1981(a)(2), 1981a(b).

50.

Moreover, Ms. Lane is entitled to reinstatement to employment by Defendant and, if reinstatement is not feasible under the circumstances, she is entitled to an award of damages for future lost wages and benefits of employment.  42 U.S.C. § 12117(a).

## COUNT IV

**DISCRIMINATION BASED ON MS. LANE'S RECORD OF DISABILITY**

51.

Ms. Lane incorporates by reference all of the paragraphs hereinabove and below.

52.

At the time her employment was terminated, Ms. Lane had a record of impairment as defined by the ADAAA in that she had a history of substantially limiting physical impairments. 42 U.S.C. §§ 12112(a), 12102(1)(B); 29 C.F.R. § 1630.2 (g), (k).

53.

Defendant's discharge of Ms. Lane violated the ADAAA which prohibit discrimination against qualified individuals because of disability, including a record of disability.

54.

Defendant intentionally, and with reckless indifference to Ms. Lane's rights, violated the ADAAA by terminating her employment because of Ms. Lane's actual or perceived physical impairment, despite the clear prohibition of taking adverse action against otherwise qualified individuals on that basis, as set forth in the ADAAA. 42 U.S.C. § 12112(a), 12102 (1)(B).

55.

As a direct and proximate result of Defendant's intentional discrimination, Ms. Lane suffered damages, including without limitation lost income and other job-related benefits, physical and emotional distress, mental anguish, inconvenience,

loss of enjoyment of life, and other non-pecuniary losses all in an amount to be established at trial.  42 U.S.C. § 12117(a), 42 U.S.C. §§ 1981a(2), 1981a(b).

56.

Moreover, Ms. Lane is entitled to reinstatement to employment by Defendant and, if reinstatement is not feasible under the circumstances, she is entitled to an award of damages for future lost wages and benefits of employment.  42 U.S.C. § 12117(a).

## COUNT V

### RETALIATION AND COERCION BECAUSE OF PROTECTED ACTIVITY UNDER THE ADAAA

57.

Ms. Lane incorporates by reference all paragraphs hereinabove and below.

58.

As a direct and proximate result of Ms. Lane having requested reasonable accommodations, including absence from work and return to work with or without limitations, Defendant Memorial violated the ADAAA in retaliating against Ms. Lane by terminating her employment.  42 U.S.C. § 12203(a).

59.

Ms. Lane was entitled under the ADAAA to a reasonable accommodation of the leave of absence from September 7, 2018 through February 4, 2019 to which

Memorial had committed and she was entitled under the ADAAA to the accommodation of returning to work without discrimination on the basis of her disability.  Memorial further violated the ADAAA by interfering with Ms. Lane's exercise and enjoyment of those rights.  42 U.S.C. § 12203(b).

60.

As a direct and proximate result of Defendant's intentional discrimination, Ms. Lane suffered damages, including without limitation lost income and other job-related benefits, physical and emotional distress, mental anguish, inconvenience, loss of enjoyment of life, and other non-pecuniary losses all in an amount to be established at trial.  42 U.S.C. § 12117(a), 42 U.S.C. §§ 1981a(2), 1981a(b).

61.

Moreover, Ms. Lane is entitled to reinstatement to employment by Defendant and, if reinstatement is not feasible under the circumstances, she is entitled to an award of damages for future lost wages and benefits of employment.  42 U.S.C. § 12117(a).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays:

a)      For her claims to be tried before a jury;

b)      For Judgment to be entered against Defendant for their violations of Ms. Lane's rights under the ADAAA;

c)   For Judgment requiring Defendant to make Ms. Lane whole by reimbursing her for out-of-pocket losses as well as lost compensation in an amount equal to the sum of any wages, salary, employment benefits or other compensation or benefits denied or lost as a result of their violation of Ms. Lane's rights under federal law;

d)   For Judgment requiring Defendant to compensate Ms. Lane for her mental and emotional distress damages suffered as a result of their violation of Ms. Lane's rights under federal law;

e)   For Judgment awarding Ms. Lane punitive damages against Defendant as appropriate in an amount determined by a jury;

f)   For an Order reinstating Ms. Lane to her former position or providing her front pay in lieu of reinstatement;

g)   For an Order granting Ms. Lane reasonable attorneys' fees and reimbursement of reasonable expert witness fees together with any and all other costs associated with this action, as provided by law;

h)   That Ms. Lane be awarded prejudgment and post-judgment interest;

i)   For a permanent injunction enjoining Defendant and their successors, deputies, agents, employees, attorneys, and those acting in concert with them, from engaging in any employment practice or policy which interferes with, or fails to fulfill, their obligations under federal law;

j)     For an order requiring Defendant and their managerial employees to complete training regarding their employees' rights under federal law; and

k)     For such further relief as necessary to fulfill the purposes of the federal laws under which Ms. Lane brings her claims, or as the Court otherwise deems just and proper.

RESPECTFULLY SUBMITTED, this 9th day of April, 2021.


                                        */s/ S. Wesley Woolf*_____
                                        S. WESLEY WOOLF
                                        Georgia Bar No. 776175
                                        *Attorney for Plaintiff*


WOOLF LAW FIRM
408 East Bay Street
Savannah, Georgia 31401
T:  (912) 201-3696
F:  (912) 236-1884
woolf@woolflawfirm.net